IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARCHIE TINDELL,            )
        Plaintiff,   )
   v.                       )   C.A. No. 13-182 Erie
                           )
JOHN WETZEL, et al,        )
        Defendants.  )

**MEMORANDUM ORDER**

      The complaint filed by Archie Tindell ("Tindell" or "plaintiff") was received by the Clerk of Court on June 24, 2013, and was referred to a United States Magistrate Judge for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

      The magistrate judge's report and recommendation, filed on June 30, 2014, recommended that the DOC Defendants' motion to dismiss [ECF No. 13], treated, in part, as a motion for summary judgment, be granted in part and denied in part, as follows: a) the motion to dismiss plaintiff's claims against defendants Wetzel, Barnagle, Supt. Burns, Tice, Repko, Hatchel, Smith, Ireland, Carter, Stetnek, Lyken, and LPN Cornell, based upon their lack of personal involvement, should be GRANTED; b) the motion to dismiss plaintiff's Eighth Amendment claims, if any, against C/O Best, C/O Klawuhn, and C/O Dickey arising from their alleged verbal harassment and threats, should be GRANTED;   c) the motion to dismiss plaintiff's retaliation claims against C/O Best, C/O Klawuhn, and C/O Dickey arising from their alleged verbal

harassment and threats, should be GRANTED; d) summary judgment should be GRANTED in favor of C/O Klawuhn and LPN Summers and against plaintiff with respect to plaintiff's retaliation claim arising from the alleged denial of medications on November 19 and 21, 2012; e) the motion to dismiss plaintiff's retaliation claim against C/O Klawuhn arising from his act of slamming plaintiff's finger in the pie slot of his cell door should be DENIED; and f) plaintiff's Eighth Amendment claim of excessive use of force against C/O Klawuhn should be allowed to proceed beyond the pleading stage. The Medical Defendants' motion to dismiss [ECF No. 28], herein treated as a motion for summary judgment, should be GRANTED. By virtue of the foregoing, all defendants other than C/O Klawuhn should be terminated from this case.

The parties were allowed fourteen days from the date of service to file objections. Service was made on Tindell at SCI Forest, where he is incarcerated, and on defendants. No objections were filed. After de novo review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 6th day of August, 2014;

IT IS HEREBY ORDERED that the DOC Defendants' motion to dismiss [ECF No. 13], treated, in part, as a motion for summary judgment, is GRANTED in part and DENIED in part, as follows: a) the motion to dismiss plaintiff's claims against defendants Wetzel, Barnagle, Supt. Burns, Tice, Repko, Hatchel, Smith, Ireland, Carter, Stetnek, Lyken, and LPN Cornell, based upon their lack of personal involvement, is GRANTED; b) the motion to dismiss plaintiff's Eighth Amendment claims, if any, against C/O Best, C/O Klawuhn, and C/O Dickey arising from their alleged verbal harassment and threats, is GRANTED; c) the motion to dismiss plaintiff's retaliation claims against C/O Best, C/O Klawuhn, and C/O Dickey arising

from their alleged verbal harassment and threats, is GRANTED; d) summary judgment is GRANTED in favor of C/O Klawuhn and LPN Summers and against plaintiff with respect to plaintiff's retaliation claim arising from the alleged denial of medications on November 19 and 21, 2012; e) the motion to dismiss plaintiff's retaliation claim against C/O Klawuhn arising from his act of slamming plaintiff's finger in the pie slot of his cell door is DENIED; and f) plaintiff's Eighth Amendment claim of excessive use of force against C/O Klawuhn will be allowed to proceed beyond the pleading stage.

It is FURTHER ORDERED that the Medical Defendants' motion to dismiss [ECF No. 28], treated as a motion for summary judgment, is GRANTED. By virtue of the foregoing, all defendants other than C/O Klawuhn are terminated from this case.

The magistrate judge's Report and Recommendation, dated June 30, 2014, is adopted as opinion of this court.

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
Chief United States District Judge


cc: Susan Paradise Baxter
U.S. Magistrate Judge

all parties of record _____