IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARCHIE TINDELL,<br>　　　　　Plaintiff | )<br>)<br>) | C.A. No. 13-182 Erie |
| v. | )<br>) | Chief Judge Conti |
| JOHN WETZEL, et al.,<br>　　　　　Defendants. | )<br>)<br>) | Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　　RECOMMENDATION**

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

**II.　　REPORT**

**A.　　Relevant Procedural History**

Plaintiff initiated this *pro* se civil rights action on June 24, 2013. At the time of filing suit, Plaintiff was an inmate at the State Correctional Institution at Forest in Marienville, Pennsylvania. On September 5, 2014, this Court held a telephonic status conference in this case at which only Defendant's counsel was present. At that time, Defendant's counsel notified the Court that Plaintiff was not present on the conference call because he was no longer incarcerated at SCI-Forest and was released from the custody of the Pennsylvania Department of Corrections on May 4, 2014; yet, Plaintiff has failed to notify either the Court or Defendant's counsel of his change of address.

## II. DISCUSSION

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by *the* failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court finds that dismissal of this matter is warranted. Plaintiff has failed to comply with this Court's Order to file a notice of his change of address and, as a result, neither the Court nor Defendant's counsel is able to contact him to move this case forward. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this stage of the proceedings.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have

fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge